

FILED
IN OPEN COURT

SEP 3 0 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

WADE CARL WILLIAMS,

Defendant.

Criminal No. 1:13-cr-383-12

Hon. Liam O'Grady

## STATEMENT OF FACTS

The United States and the defendant, Wade Carl Williams, agree that had this matter proceeded to trial, the United States would have proven the following facts in the Eastern District of Virginia and elsewhere beyond a reasonable doubt, through witnesses, testimony, and other competent and admissible evidence:

1. Between on or about September 16, 2010 and at least January 2, 2011, individuals participated in a worldwide conspiracy as part of the online group ANONYMOUS in a campaign dubbed "OPERATION PAYBACK" (or "OPERATION: PAYBACK IS A BITCH,") to engage in a coordinated series of illegal cyber-attacks against victims.

2. OPERATION PAYBACK targeted victims worldwide and in the Eastern District of Virginia, including dozens of governmental entities, trade associations, individuals, law firms, and financial institutions, which ANONYMOUS claimed opposed its stated philosophy of making all information free for all, including information protected by copyright laws or national security considerations.

3. To carry out OPERATION PAYBACK, participants agreed to engage in an onslaught of cyber-attacks to damage and impair websites and computer systems by flooding those websites with a huge volume of irrelevant Internet traffic. This method of online attack

designed to shut down victim websites is known as a Distributed Denial of Service ("DDoS") attack. One of the stated goals of these DDoS attacks was to cause significant monetary and other damage to the victim targets, and members of ANONYMOUS coordinated the times and targets for the attacks through online announcements or in dedicated Internet Relay Chat channels, including the #command, #saveTPB, #savethepiratebay, and #operationpayback channels. OPERATION PAYBACK ultimately caused at least $8.9 million in damage and loss to United States-based victims.

4. The weapon of choice used by participants in OPERATION PAYBACK included specifically-designed online weapons such as the Low Orbit Ion Cannon ("LOIC"), a downloadable network stress testing program, and similar programs including Java LOIC and hping3. LOIC, for example, allowed participants individually to choose whether to attack in "Manual Mode (for p▇▇s)" or as part of a group in "F▇▇ING HIVE MIND" mode. After picking the mode of attack and entering the target location, individuals could attack en masse by clicking a button labeled "IMMA CHARGIN MAH LAZER" to join in the cyber-assaults.

5. Participants in OPERATION PAYBACK, including the defendant, engaged in illegal DDoS attacks during the conspiracy, including against the following victims: the Motion Picture Association of America; the Recording Industry Association of America; the British Phonographic Institute; the law firm ACS:Law; the trade association BREIN foundation; the Australian Federation Against Copyright Theft; the law firm Davenport Lyons; the Association of Commercial Audiovisual of Portugal; the private company Web Sheriff; the consulting firm DGLegal; the record label Ministry of Sound; the Spanish General Society of Authors and Publishers; the Spanish Ministry of Education, Culture, and Sport; the Spanish trade group Promusicae; the Federal Italian Music Industry; the International Federation of Phonographic

Industry; the directory of websites pro-music.it; the law firm Gallant MacMillan; Gene Simmons; the copyright licensing agency Access Copyright; the British Intellectual Property Office; the movie production company Satel Film; the Copyright Information and Anti-Piracy Centre in Finland; the U.S. Copyright Office of the Library of Congress; the intellectual property entity Hadopi; the Ireland National Federation against Copyright Theft; the Irish Recorded Music Association; the Fight Piracy Organization; the International Federation of the Phonographic Industry; Warner Brothers; the payment services provider PostFinance; the Swedish Prosecutor's office; everydns.com; the law firm Borgstrom and Bodstrom; MasterCard; Visa; the online payment service Moneybookers.com; PayPal; the Recording Industry of South Africa; Amazon; the firm Arbor Networks; and Bank of America.

6. Internet Relay Chat (IRC) logs for chat channels dedicated to the DDoS attacks conducted by Anonymous, show the defendant, while using the nickname "TheMiNd," promoting DDoS attacks on the websites of Amazon and credit card companies specifically to take down credit card transactions, among other targets, during Operation Payback. Also in IRC chat channels dedicated to the Anonymous DDoS activity, the defendant, using the nickname "TheMiNd," admitted to engaging in DDoS attacks using the Low Orbit Ion Cannon (LOIC) tool. Records from Internet service providers confirm that the defendant used the nickname, "TheMiNd." A forensic examination of the computer seized from the defendant additionally confirmed that the defendant used the nickname, "TheMiNd," in conjunction with Anonymous activity during Operation Payback.

7. Witness testimony, business records, and other evidence would further establish that beginning on or about September 16, 2010 and continuing up until January 2, 2011, participants of OPERATION PAYBACK, including DENNIS OWEN COLLINS, JEREMY

LEROY HELLER, ZHIWEI CHEN, JOSHUA S. PHY, RYAN RUSSELL GUBELE, ROBERT AUDUBON WHITFIELD, ANTHONY TADROS, GEOFFREY KENNETH COMMANDER, PHILLIP GARRETT SIMPSON, AUSTEN L. STAMM, TIMOTHY ROBERT McCLAIN, WADE CARL WILLIAMS, and THOMAS J. BELL, knowingly and intentionally conspired and agreed amongst themselves and together with others to commit an offense against the United States, that is, to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage, and attempt to cause damage, without authorization, to a protected computer.

8. The statement of facts includes those facts necessary to support the defendant's guilty plea. It does not include each and every fact known to the defendant or to the government and it is not intended to be a full enumeration of all of the facts surrounding the defendant's cases.

9. The actions of the defendant, as recounted above, were in all respects knowing and intentional, and were not committed by mistake, accident or other innocent reason.

10. The defendant and the United States agree that this statement of facts is admissible in any proceeding against defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that he may have under Federal Rule of Evidence 410 regarding this statement of facts.

Dana J. Boente
United States Attorney

By: _____
Alexander T.H. Nguyen
Assistant United States Attorney

Richard D. Green
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section

Case 1:13-cr-00383-LO   Document 445   Filed 09/30/14   Page 6 of 6 PageID# 3196

**Defendant's Signature:** After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, waive my rights under Federal Rule of Evidence 410 related to this Statement of Facts, and agree that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 09-26, 2014

_____
Wade Carl Williams
Defendant

**Defense Counsel Signature:** I am Wade Carl Williams's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 9-30-14, 2014

_____
Gary H. Smith, Esq.
Counsel for the Defendant

Page 6 of 6